398

## CIRCUIT COURT OF FAUQUIER COUNTY

Commonwealth of Virginia

v.

Debra Lesto Meyers

August 20, 2004

Case No. (Criminal) CR04-121

By Judge Jeffrey W. Parker

This matter was taken under advisement by the Court after a Motion to Suppress was filed by the Defendant, Meyers, on which evidence was heard and argument taken on August 16, 2004.

The Defendant who is charged with receiving or concealing stolen goods in violation of Va. Code § 18.2-108, testified that, on October 23, 2003, she was confronted by Detective Petracca of the Fauquier County Sheriff's Department. Detective Petracca initially met with her by a barn at her farm on the morning of the 23rd for a forty-five minute conversation. This conversation at that time was apparently for investigation only as there was no indication at the hearing that Defendant Meyers was the subject of an investigation.

Subsequently, that day Detective Petracca observed Ms. Meyers' boyfriend, Michael Fillmore, with the stolen property. He was placed under arrest and Detective Petracca returned to Ms. Meyers' property to question her further. According to the Defendant, the Detective directed her to get into his police vehicle, a mini-van, and sit in the front seat to answer some questions. She stated he was "very stern and agitated."

Detective Petracca testified that he "asked" her to enter the van. The questioning took between fifteen and thirty minutes. The doors to the vehicle

were closed. The Defendant was not placed under arrest, but she did not feel free to leave "out of respect to the officer."

The Detective's badge of authority was visible, as was his gun. The Defendant was told she could be charged with a felony and that he did not believe her previous story, but no other contents of the conversation were disclosed to the Court. At the conclusion of the questioning the Defendant exited the vehicle and the detective departed. At no time was the Defendant given "*Miranda* warnings" as required most recently by *Dickerson v. United States*, 530 U.S. 428 (2000).

"The Commonwealth has the burden to prove, by a preponderance of the evidence, that a defendant's confession was freely and voluntarily given." *Bottenfield v. Commonwealth*, 25 Va. App. 316, 323 (1997).

The necessity of giving *Miranda* warnings exists only during a "custodial interrogation" *Id*. at 328. A custodial interrogation may or may not occur in more than one environment. This may occur in an individual's home. See *Wass v. Commonwealth*, 5 Va. App. 27 (1989). At the other extreme, an individual may not be in custody for the purposes of *Miranda*, even though the questioning is in a police station. See *Novak v. Commonwealth*, 20 Va. App. 373 (1995).

In order to make a determination if an interrogation is custodial, the Court must look to the totality of the circumstances surrounding the interrogation. *Cary v. Commonwealth*, 40 Va. App. 480, 487 (2003).

> Facts that can be examined include the following: (1) whether the suspect is questioned in familiar or neutral surroundings; (2) the number of police officers present; (3) the degree of physical restraint; (4) the duration and character of the interrogation; (5) whether or when probable cause to arrest exists; (6) when the suspect becomes the focus of the investigation; (7) the language used by the officer to summon the individual; (8) the extent to which the suspect is confronted with evidence of guilt.

Bacigal, *Virginia Criminal Procedure*, § 7.4 (2004).

Also see *Wass v. Commonwealth*, *supra*. The Court may also consider the mental condition, intelligence, and education of the Defendant and how the Defendant may have understood the situation. See *Bottenfield v. Commonwealth*, *supra*.

In the case at bar, it is clear that the officer removed the Defendant from her familiar surroundings, *i.e.*, the barn, to the detective's police vehicle. The Court finds that the "request" to go into the vehicle was in the nature of a

command. There could have been no other reason for this request except to place the officer in a greater degree of control.

While only one officer was present, he was present in a very confined space. The Defendant was not physically restrained, but the questioning — the second time that day — went on for an extended period. She clearly was the focus of the investigation and threatened with prosecution. She was summoned by the Detective in a stern and agitated manner. No evidence was presented as to her mental condition. She did concede that she had been arrested on other occasions, but it was not clear whether she had been advised of her rights previously.

No evidence was presented to suggest she was told that she could leave or that the questioning was otherwise non-threatening. This situation stands in contrast to cases where defendants have made an affirmative waiver after being advised of their *Miranda* rights. See *Carey v. Commonwealth, supra.*

In conclusion, after considering the totality of the circumstances, the Court concludes that the Defendant was interrogated in a custodial setting without receiving the benefit of the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436 (1966). "Failure to give *Miranda* warnings prior to a custodial interrogation requires suppression of any illegally obtained statements." *Blair v. Commonwealth*, 7 Va. App. 10, 13 (1988).

Although the Court never received the contents of the interview into evidence, it will grant the defendant's Motion to Suppress the Defendant's statements made during the afternoon interrogation of October 23, 2003, and prohibit the Commonwealth from introducing such statements into evidence to determine the issue of Defendant's guilt or innocence. This ruling does not go to any admissibility issue of other evidence independently discovered, nor to sentencing nor to the admissibility of suppressed evidence for impeachment only during cross-examination.